OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
As a foundational requirement for the admission of breathalyzer test results in a prosecution under Vehicle and Traffic Law § 1192, the People must introduce evidence from which the trier of fact could reasonably conclude, inter alla, that the testing device was in proper working order at the time the test was administered to the defendant (People v Todd, 38 NY2d 755) and that the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions (People v Donaldson, 36 AD2d 37; People v Meikrantz, 77 Misc 2d 892).
People v Gower (42 NY2d 117) does not establish a contrary rule, despite its suggestion that it might be appropriate to shift the emphasis in such matters from "technical issues of admissibility of evidence to means for measuring its persuasive weight” (id., pp 121-122). We reserved decision in that case on the question presented here, namely, "whether or to what degree the People, in laying a foundation for admission of the results of individual tests, would have to establish that the breathalyzer device was in proper working order” (id., p 122).
We are presented in this case with a record devoid of any *701 evidence to support the conclusion that the testing device was capable of producing an accurate result. Proof that the test operator was certified by the Health Department to conduct breathalyzer tests, while permitting the inference that the test was properly given (Vehicle and Traffic Law § 1194 [9]; see, People v Mertz, 68 NY2d 136) is not probative of the distinct foundational requirement concerning the accuracy of the machine. Similarly, the observations of the arresting officers and the results of the field sobriety test, while tending to show that the defendant was under the influence of alcohol, are no proof that the breathalyzer was capable of accurately discerning the critical distinction between a legally permissible blood alcohol content and that which is statutorily proscribed.
Thus, in the absence of any evidence from which the trier of fact could reasonably conclude that the test results were derived from a properly functioning machine using properly constituted chemicals, it was error to admit the test results and a new trial is required. We note that, on the state of this record, we have no occasion to determine what nature, quantity and quality of proof is required to establish these foundational requirements, because there was no such proof in this case.
The other argument raised by defendant in the lower courts, that his prior conviction under Vehicle and Traffic Law § 1192 (3), entered on his uncounseled guilty plea, was not a valid predicate for elevating the present charges to felonies, appears to have been abandoned on this appeal and, in any event, was properly rejected by the courts below. We have not been asked to consider the propriety of the trial court’s ruling that certain certificates, offered by the People in an effort to establish a proper foundation for the admission of the breathalyzer test result, were inadmissible under CPLR 4518. For that reason, and because those certificates are not in the record before us, we do not reach the issue.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.