■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HARPER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction after a jury trial of first degree rape and first degree sodomy arguing that the court erred in admitting portions of the complainant's hospital records containing her detailed description of the crimes *(see, Williams v Alexander,* 309 NY 283, 287; *People v Wooden,* 66 AD2d 1004, 1005). We agree that this evidence constituted improper bolstering, but find the error harmless because, in view of the overwhelming evidence of defendant's guilt, there is no significant probability that defendant would have been acquitted but for the error *(see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230).

Defendant's reliance upon *People v Jackson* (124 AD2d 975, *lv denied* 69 NY2d 746) is misplaced. There, this court refused to find a similar error harmless because "the sole direct evidence implicating defendant was the testimony of the complainant" *(supra,* at 976). Here, however, defendant's guilt was established by testimony that defendant, who matched the description complainant gave her mother, was apprehended near the complainant's house shortly after the incident in possession of a knife, and also by the results of chemical tests performed upon defendant's saliva and blood and upon the complainant's head hair and pubic hair. Moreover, here, unlike *Jackson,* the admitted portions of the hospital records did not contain the name of the defendant and thus were not determinative of defendant's guilt. We have considered defendant's remaining claims and find that each one lacks merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—rape, first degree; sodomy, first degree.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.