(April 5, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY W. BROWN, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered May 31, 1988, upon a verdict convicting defendant of the crimes of operating a motor vehicle while under the influence of alcohol, as a felony, and operating a motor vehicle while ability impaired by the consumption of alcohol.

Defendant was involved in a minor automobile accident in the City of Elmira, Chemung County, in the presence of a police officer. He was thereafter stopped and questioned by the officer who, upon detecting the odor of alcohol on his breath, requested defendant to perform certain sobriety tests. Not being satisfied with the results of these tests, the officer requested defendant to take an alco-sensor test. Defendant refused to do so without the opportunity to speak with his lawyer. Thereupon, defendant was arrested for operating a motor vehicle while under the influence of alcohol, advised of the effect of his refusal to take the test, given his *Miranda* warnings and removed to the police station where he was permitted to telephone his lawyer. After speaking with his lawyer, defendant consented to take a breathalyzer test, which was administered after defendant was videotaped performing a series of sobriety tests and speaking with police officers. The test revealed a blood alcohol content of .17%. Defendant was thereafter indicted on two counts of operating a motor vehicle while under the influence of alcohol, as a felony, and upon his conviction after trial this appeal ensued.

In seeking reversal of his conviction, defendant contends (1) that certain videotaped statements made by him should have been suppressed, (2) that it was error for County Court to deny him the right to attack the validity of his prior conviction for operating a motor vehicle while under the influence of alcohol before the trial jury, and (3) that the sentence imposed was excessive. We have considered these contentions, together with those asserted in defendant's *pro se* brief, and, finding them without merit, we affirm.

Defendant's arguments for suppression of the videotape are founded on the assertions that his right to counsel had attached at the time he made statements presented by the tape, based upon his prior call to his attorney. We find nothing in

this record to suggest that defendant had retained or unequivocally invoked his right to counsel. Moreover, the statement made by defendant was not prompted by any question or suggestion on the part of the police, but was entirely spontaneous and voluntary on the part of defendant (see, *People v Lynes,* 49 NY2d 286, 294-295; *People v Kaye,* 25 NY2d 139, 143-145). Equally without merit is defendant's contention that the validity of his prior conviction should be determined by the jury. The issue raises a question of law for the court to decide and is not a question of fact for the jury (see, *People v Knack,* 72 NY2d 825). Finally, we find no abuse of discretion by County Court in imposition of the sentence (which required him to spend 1 to 3 years in prison and pay a fine of $800) upon consideration of defendant's extensive criminal history and the particular circumstances of this case (see, *People v Dittmar,* 41 AD2d 788).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.