■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD S. SHERWOOD, Appellant.—Weiss, J. P., Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered June 7, 1989, upon a verdict convicting defendant of the crimes of operating a motor vehicle while under the influence of alcohol, as a felony, and driving while ability impaired by alcohol.

On April 25, 1988 at approximately 3:00 P.M., State Trooper George Bird recognized a pickup truck driving on the Thruway with a motorcycle in the back which had been described earlier in a radio report as driving in an erratic manner. Bird followed the truck and after he observed it swerve into the passing lane in front of his police vehicle, he directed the driver to pull over to the side of the road. Bird saw two six-pack cartons of beer, one empty and the other with two open containers in the truck, and detected a strong odor of alcohol on defendant's breath. Based on a field sobriety test, it was Bird's opinion that defendant was intoxicated. However, Bird was called to the scene of an accident before an arrest was effected. State Trooper George Cason, who was at the accident scene and had also heard the radio report concerning the truck, then observed defendant driving past him. Cason decided to follow and, after observing defendant's vehicle drift within its lane and make sudden corrections, he ordered the truck to pull over, identified defendant and also detected the

smell of alcohol in the truck and on defendant's breath. Defendant was again given a field sobriety test, arrested, and taken to the State Police substation for a breathalyzer test which showed his blood alcohol level was .15%. Defendant's motion for a probable cause hearing was denied without a hearing and, following a jury trial, he was found guilty of operating a vehicle while under the influence of alcohol as a felony (Vehicle and Traffic Law § 1192 [2]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [3], [5]). He was given a sentence of six months in prison, five years' probation and $1,000 fine.

On this appeal, defendant first contends that the summary denial of his motion for a probable cause hearing was error because no objective evidence which would have justified the stop of his vehicle was offered. In the moving affidavit, his attorney essentially contended that the failure of the arresting officer to charge defendant with any violation of law, other than driving while intoxicated, made it obvious that there was no probable cause for the stop. County Court determined that defendant's challenge to the legality of the stop was insufficient to require a hearing because he had failed to comply with CPL 710.60 (3) (a) by offering sworn allegations of fact to support the motion. The prosecution's uncontradicted version was that a report of erratic driving and the Trooper's direct observations of defendant provided probable cause for the stop. We find that defendant's conclusory assertions were insufficient (see, People v Reynolds, 71 NY2d 552, 558) and because the People's version of the facts adequately supported the finding of probable cause for the stop as a matter of law, no hearing was required (cf., People v Ramos, 130 AD2d 439, 440). When the facts and circumstances are undisputed, the issue as to whether such facts amount to probable cause is a question of law which may be determined by a court without a hearing (People v Oden, 36 NY2d 382, 384). Defendant's failure to present factual allegations to support his motion, when considered with the sworn affirmation by the prosecution, established that the stop was "not the product of mere whim, caprice or idle curiosity" (People v Ingle, 36 NY2d 413, 420). Nor was evidence of a violation of the Vehicle and Traffic Law required before the stop (see, People v Ingle, supra) because Trooper Cason had himself observed defendant's erratic driving.

Defendant next contends that it was error to admit into evidence the results of the breathalyzer test on the ground that the People failed to offer evidence adequate to prove that

the instrument was properly calibrated with correctly certified chemicals and that the chemicals used in the test were of the proper kind and mixed in the proper proportion. Initially, we note that defendant failed to challenge the admissibility of the test results by a motion to suppress.[1] Defendant's objection at trial was limited to the testing procedures by the State Police and not to the integrity of the underlying chemicals. Having failed to argue this issue before County Court, defendant may not raise it for the first time on appeal (see, People v Paulin, 70 NY2d 685, 687). Were we to consider the contention in the interest of justice, we would nevertheless find defendant's argument unpersuasive. He relies, in the main, upon People v Serrano (142 Misc 2d 1087), where the court held that the certificate of analysis for ampoule lot No. 0916, a material used in his breathalyzer test, was "not competent to prove the integrity or chemical composition of the ampoules used therein" (supra, at 1096) because the laboratory procedures utilized by Systems Innovation, Inc., the manufacturer of those chemicals, did not meet scientifically acceptable quality control standards. The decision in Serrano was based upon an investigative report from the Pennsylvania Auditor General and a letter from the Pennsylvania Attorney General's office (supra, at 1088, 1090).[2] Here, the record demonstrates that Trooper Cason, who administered the test, was qualified to use the instrument and to test before its use. In addition, the certificates of calibration and certificates of analysis for the ampoules and simulator solution, which had been admitted into evidence, provided a proper foundation for admission of the breathalyzer test results (cf., People v Freeland, 68 NY2d 699, 700-701; People v Mertz, 68 NY2d 136, 148). Cason testified that the instrument was in proper working order at the time the test was administered and that the chemicals used were of the proper kind and mixed in the proper proportions. Because the scientific reliability of breathalyzers in general is no longer open to question (see, People v Mertz, 68 NY2d 136, 148), and because an adequate foundation for admission of the test results had been established (see, People v Freeland, supra), the jury could reasonably conclude that the test results were authentic to establish a prima facie case against defendant, who thereafter was free to challenge those results in the

1. Defendant's pretrial motion papers indicate that his only challenge was whether there had been probable cause for the stop of his pickup truck.

2. The chemicals used in the breathalyzer to test defendant were shown to be from the same lots manufactured by Systems Innovation, Inc. as were used in the Serrano case.

trial *(see, People v Alvarez,* 70 NY2d 375, 380; *People v Mertz, supra,* at 146; *People v Thomas,* 121 AD2d 73, *affd* 70 NY2d 823).

Defendant next argues that prosecutorial misconduct during summation denied him of a fair trial. Specifically, he contends that the prosecutor attempted to shift the burden of proof to defendant, repeatedly misstated facts and stated that defendant had raised "smoke screens". We find the argument unpersuasive and that many of defendant's objections were sustained and proper curative instructions were given to the jury *(see, People v Thiessen,* 158 AD2d 737, 739; *People v Canada,* 157 AD2d 793). We further find in several instances that the remarks were in fair response to the defense summation *(see, People v Montanez,* 151 AD2d 616; *People v Sykes,* 151 AD2d 523, 524, *lv denied* 74 NY2d 820), particularly with respect to the use of the phrase "smoke screen" which defense counsel had used several times in his summation. Even viewing the challenged remarks in their worst light, "there is no 'significant probability, rather than only a rational possibility * * * that the jury would have acquitted the defendant had it not been for the [remark]' " *(People v Abreu,* 147 AD2d 707, *lv denied* 74 NY2d 660, quoting *People v Crimmins,* 36 NY2d 230, 242).

Defendant's remaining contentions, including the claim that his sentence was excessive, are without merit.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.