■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. RACO, Appellant.—Casey, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered November 8, 1989, upon a verdict convicting defen-

dant of the crimes of operating a motor vehicle while under the influence of alcohol (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

On August 25, 1988, defendant was stopped by police in the City of Amsterdam, Montgomery County, for following another vehicle too closely. Defendant was then arrested for driving while intoxicated and taken to Amsterdam Police Headquarters where his booking was taped and his intoxilyzer test indicated a blood alcohol content of .18%. The jury found defendant guilty of operating a motor vehicle with a blood alcohol content of .10% or more as a felony (Vehicle and Traffic Law § 1192 [2], [5]), driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3], [5]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]). Defendant was acquitted of the only additional charge of following too closely (Vehicle and Traffic Law § 1129 [a]). Due to defendant's prior conviction of driving while intoxicated and aggravated unlicensed operation of a motor vehicle as a misdemeanor, along with other charges which showed his complete disregard of the licensing and other requirements relative to the operation of a motor vehicle, defendant was sentenced to an indeterminate term of imprisonment of 1⅓ to 4 years and fined $500.

On this appeal, defendant claims error in admitting and displaying to the jury the video tape of defendant's booking. We disagree and find no error in the admission of the tape. Contrary to defendant's contention, the tape is not inaudible. Only brief portions were inaudible and the tape was not displayed for its conversational value, but to show defendant's condition and appearance at the time. The brief inaudible portions do not make the "conversation unintelligible or encourage speculation about [the tape's] contents" (People v Maderic, 142 AD2d 892, 894). Furthermore, County Court gave appropriate instructions limiting the jury's consideration of the tape to defendant's condition of intoxication. In the circumstances we find it unnecessary to decide whether the People failed to comply with the notice provisions of CPL 240.20, as defendant claims, since other evidence amply portrayed defendant's degree of intoxication. Therefore, even if full compliance with CPL 240.20 would have been helpful to defendant, it "most likely would not have changed the verdict" (People v Corley, 124 AD2d 390, 391). In the absence of prejudice (see, People v Erickson, 156 AD2d 760, 762, lv denied 75 NY2d 966) any error in this regard must be considered harmless (see, People v Herrera, 136 AD2d 567, 568, lv denied

70 NY2d 1007). Furthermore, contrary to defendant's claim, we find that his right to counsel had not attached as a result of defendant's statement on the tape that his wife was retaining an attorney on his behalf. Defendant did not "unequivocally" invoke his right to counsel and most of his statements on the tape were spontaneous declarations or concerned information usually obtained in booking defendants (see, People v Brown, 160 AD2d 1037, lv denied 76 NY2d 785). Nor was defendant's right to remain silent abridged by the prosecutor's reference in summation to defendant's silence on the tape when he was informed that the alcoholic content of his blood was .18%. The other evidence of defendant's intoxication rendered any such error harmless (see, People v Simmons, 75 NY2d 738, 739).

We have examined defendant's claimed violation of CPL 240.45 and the Rosario rule (People v Rosario, 9 NY2d 286, cert denied 368 US 866) and lack of adequate notice of the prosecution's intention to offer at trial defendant's statements made to public servants under CPL 710.30, and we find these claims meritless.

The trial testimony revealed that prior to the incident of August 25, 1988, the arresting officer and defendant had a dispute over defendant's claim that a certain person had slashed his tires. Defendant was standing outside this person's house trying to get to the person when the officer approached him. The officer told defendant to file a complaint, but defendant was dissatisfied with the officer's advice. He told the officer that he would take care of the matter himself. Defendant used this disagreement at the trial to show that his arrest was caused by the officer who was motivated by spite and ill-will against him. The matter became defendant's prime defense at trial and the issue was spiritedly litigated. In the course of summation, the prosecution referred to the defense theory several times as the "Great American Frame-up". In our view, defendant was not deprived of a fair trial by the statements of the prosecution made during summation (see, People v Colonna, 135 AD2d 724). Defendant's other claims of error occurring at trial have been considered and found untenable.

As to defendant's sentence, we find it appropriate. Defendant's legal history was extensive and his complete indifference to the law was manifest. Accordingly, the sentence of 1⅓ to 4 years was not an abuse of discretion.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.