■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SPERBER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.),

rendered March 8, 1989, convicting him of operating a motor vehicle while intoxicated as a felony, and operating a motor vehicle while his ability was impaired, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of operating a motor vehicle while intoxicated as a felony, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The trial evidence established that on November 1, 1987, at approximately 3:30 A.M., the defendant was stopped by State Troopers for a minor traffic violation and subsequently arrested for operating a motor vehicle while intoxicated. Trooper Williams, a State-certified breathalyzer operator, administered the breathalyzer test in accordance with New York State Police procedure. Trooper Williams inserted two sulphuric acid solution ampoules, one to be used as the reference and one to test the defendant's breath, each designated with lot number 0217, into the breathalyzer machine and tested the defendant's breath. The breathalyzer revealed that the defendant's blood alcohol concentration was .11%. Williams also conducted a simulation analysis by blowing into the breathalyzer a simulated breath sample of .10% blood alcohol concentration. The breathalyzer gave a reading of .10.

The People attempted to establish a foundation for admission of the breathalyzer test result, *inter alia*, by introducing a State Police crime laboratory certificate of analysis for sulphuric acid solution ampoules lot number 0217. However, we find that the unrefuted testimony of the defense witness Leroy Campbell negated the validity of the certificate. Campbell testified that he worked in the production, shipping, and quality control stages of the sulphuric acid solution ampoules manufactured by Systems Innovation, Inc. (hereinafter SII) which were used to test the defendant's breath. During Campbell's employment at SII, which lasted between September of 1986 and November of 1987, Campbell directly observed the production of the sulphuric acid solution ampoules bearing lot number 0217, which took place between February of 1987 and September of 1987. Campbell's supervisor produced the solution by mixing potassium dichromate, silver nitrate, water, and sulphuric acid into a five-gallon glass container. The contents of each five-gallon container were entered directly into each ampoule bearing preprinted lot numbers. The contents of the five-gallon containers had not been pre-mixed to produce one homogeneous solution. The solution for lot 0217

was in production for seven months. New solution would be mixed as the orders came in and needed to be filled; however, a separate lot number would not be assigned to each new batch.

At the close of the defendant's case, the defendant moved to dismiss the charge of operating a motor vehicle while intoxicated on the ground that the People had failed to establish a foundation for admission of the breathalyzer test result because the integrity of the sulphuric acid solution used in the test had been impugned. The court denied the motion.

We conclude that the People's foundational evidence was legally insufficient to show that the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions *(see, People v Campbell,* 73 NY2d 481, 484; *People v Freeland,* 68 NY2d 699; *People v Mertz,* 68 NY2d 136). We agree with the determination made by the Fourth Department in a prior case in which Campbell testified for the defense that "Campbell's testimony relating the manufacturer's irregular lot numbering practice negated the probativeness of the authenticating certificate and therefore rendered the foundational evidence insufficient to support the admission of the breathalyzer test result" *(People v Uruburu,* 169 AD2d 20, 25; *see also, People v Serrano,* 142 Misc 2d 1087; *People v Meikrantz,* 77 Misc 2d 892). Thus, in the absence of any evidence from which the trier of fact could reasonably conclude that the test results were derived from a properly functioning machine using properly constituted chemicals, it was error to admit the test results *(see, People v Freeland, supra,* at 701; *see, People v Mertz, supra; People v Uruburu, supra).* Without the breathalyzer test results the evidence was legally insufficient to sustain the defendant's conviction of operating a motor vehicle while intoxicated as a felony *(see,* Vehicle and Traffic Law § 1192 [2]).

In light of our determination, we do not reach the defendant's remaining contentions. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.