■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL A. COLON, Appellant.—Mahoney, J. Appeals from two judgments of the County Court of Montgomery County (Aison, J.), rendered January 4, 1991 and February 25, 1991, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle, and the traffic offense of failure to keep right.

On September 5, 1987 at approximately 3:00 A.M., Deputy Sheriff Gary Johnson observed defendant's vehicle making a wide right-hand turn from State Route 5 onto State Route 30A in the Village of Fonda, Montgomery County. Johnson stopped the vehicle after it crossed over into the oncoming lane and then proceeded to travel in that lane. Based upon Johnson's observations of defendant, defendant's apparent admissions and a field sobriety test, it was Johnson's opinion that defendant was intoxicated. He was arrested and taken to the

Sheriff's Department where a breathalyzer test was administered with the usual procedures. The test revealed defendant's blood alcohol content to be .16%. Inasmuch as he had a prior conviction for driving while intoxicated (hereinafter DWI), defendant was subsequently indicted, *inter alia,* on two felony DWI counts (Vehicle and Traffic Law former § 1192 [2], [3], [5]).

Thereafter, having initially denied defendant's request for assigned counsel, County Court conducted several hearings, before and after arraignment, regarding defendant's progress in obtaining an attorney. At the conclusion of each hearing, the court administered *Parker* warnings *(see, People v Parker,* 57 NY2d 136) to defendant. At the fifth scheduled hearing, when defendant failed to appear, a bench warrant was issued for his arrest. Desirous of moving the matter to trial, and after learning that previously assigned counsel was not willing to represent defendant and did not know his whereabouts, the court assigned new counsel for defendant, conducted an absentia hearing and, after determining that due diligence had been exercised in attempting to locate defendant, ordered that his trial proceed in absentia. Defendant was ultimately convicted of both DWI charges. This appeal ensued.

Initially, we note that defendant was properly tried and sentenced in absentia. In situations such as the one herein where defendant has previously voluntarily absconded from the jurisdiction, resulting in the issuance of a bench warrant for his arrest, and cannot, by the exercise of reasonable efforts, be located, the failure to actually notify defendant of the date that his trial was to begin does not constitute a deprivation of his right to be present at trial *(see, People v Delvalle,* 167 AD2d 661, *lv denied* 77 NY2d 837). Because the record reveals that diligent efforts were made to locate defendant, but to no avail, we see no error in County Court's ruling in this regard *(cf., People v Edmonds,* 151 AD2d 829).

We disagree, however, with County Court's resolution of defense counsel's motion to suppress the breathalyzer test results. During jury selection, defense counsel orally moved to suppress the results of the breathalyzer test on the ground that the prosecution's foundational evidence was insufficient to satisfy the standards set forth in *People v Freeland* (68 NY2d 699). This position was based upon the fact that the breath analyzer ampule used in defendant's test (and various other calibration tests) came from lot No. 0916 and was manufactured by Systems Innovation, Inc. (hereinafter SII), the same lot number and manufacturer of the ampule used in

the breathalyzer test at issue in *People v Serrano* (142 Misc 2d 1087). In *Serrano,* investigatory reports performed by the Pennsylvania Auditor General and testimony from a former SII employee established that the chemical solution in lot No. 0916 ampules did not come from one homogeneous batch of solution. Rather, the solution came from numerous, individually mixed five-gallon jugs which were never combined at any point during the production or sampling process so as to insure that all lot No. 0916 ampules were of the exact same chemical constitution, thus raising questions concerning whether the subject chemicals were of the "proper kind and mixed in the proper proportions" *(People v Freeland, supra,* at 700) to meet the prerequisite showing for admissibility of the breathalyzer results. County Court denied the motion on the ground of untimeliness and, alternatively, on the merits, summarily denied the motion and the alternative request for a hearing, concluding that defendant failed to present sufficient factual allegations to warrant the requested relief.[1]

In view of the unique circumstances involved herein, namely, the confusion surrounding defendant's attainment of counsel, the assignment of counsel less than a week before the commencement of trial, the fact that the problems with SII's preparation and safeguarding of the chemicals did not become widely known until 1989 with the advent of *People v Serrano (supra)* (more than one year after arraignment), and in the interest of justice, we believe that County Court abused its discretion in denying the motion as untimely *(see,* CPL 255.20 [3]; *cf., People v Havelka,* 45 NY2d 636).

Addressing the substance of the motion, while admittedly marginal in view of the scientific nature of the claim, defense counsel's allegation, based upon documentary evidence, that the manufacturer and the lot number of the breath analyzer ampule used in the instant test were the same as that previously found to have been improperly prepared and safeguarded in *People v Serrano (supra),* were sufficiently particular to raise substantial questions regarding whether the subject chemical was of the proper kind and mixed in the proper proportions. Accordingly, the breathalyzer test results should not have been admitted into evidence without holding a fact-

---

1. We note in passing that while ordinarily suppression motions are to be made in writing (CPL 710.60 [1]), because the instant motion was made during trial as that term is defined in CPL 1.20 (11), it falls within the exception noted in CPL 710.60 (5) permitting motions to be made orally in open court during trial. Accordingly, the merits may properly be entertained.

finding hearing on this issue (see, CPL 710.60 [4]; *People v Nieves,* 143 Misc 2d 734; *cf., People v Garneau,* 120 AD2d 112, *lv denied* 69 NY2d 880).[2] Moreover, because of the potential for prejudice to defendant if the issue was litigated during trial in the jury's presence, only thereafter to be found inadmissible, we believe that hearings of this sort should properly occur prior to trial (*cf., People v Ventimiglia,* 52 NY2d 350; *People v Nieves, supra,* at 741; *People v Pantaleo,* 141 Misc 2d 251, 256; *but cf., People v Singh,* 144 Misc 2d 402, 408).

We have reviewed defendant's remaining contention and find it to be without merit.

Weiss, P. J., Levine and Mercure, JJ., concur. Ordered that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant of the crime of driving while intoxicated under the first count of the indictment; matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.

---

2. While, during trial, the prosecution submitted foundational evidence to support admission of the breathalyzer test into evidence, in view of the prior allegations made regarding the chemical constitution of the ampules used, we cannot say that the foundation laid was sufficient to render the breathalyzer evidence admissible as a matter of law, thereby making County Court's earlier summary denial of the suppression motion somehow harmless. Other than the certificate of analysis certifying the adequacy of the chemical composition of lot No. 0916 ampules, whose probative value is subject to question in light of the facts brought to light in *People v Serrano* (142 Misc 2d 1087, *supra)* and other cases (see, *People v Sperber,* 177 AD2d 725; *People v Uruburu,* 169 AD2d 20, *lv denied* 78 NY2d 1082), no other testimony was submitted to establish that the chemical in the lot No. 0916 ampule used was of the proper kind and mixed in the proper proportions. In this regard, we decline to construe the dictum in *People v Sherwood* (160 AD2d 1203, *lv denied* 76 NY2d 796) as suggesting that such a showing can be established as a matter of law solely through nonexpert testimony by the officer administering the test.