(July 8, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND R. KREBS, Appellant. [600 NYS2d 317] —Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered June 7, 1989, upon a verdict convicting defendant of the crime of driving while intoxicated, as a felony.

On August 5, 1988 at approximately 5:20 P.M., Police Officer Gerald Tucker observed defendant's vehicle pass through a red traffic light in the Village of Dryden, Tompkins County. Tucker stopped the vehicle and upon approaching it, he noticed an open can of beer situated between defendant's legs. Defendant was asked to get out of the vehicle whereupon he was administered three field sobriety tests, all of which he failed. Defendant was arrested and taken to the police station where a breathalyzer test revealed a blood alcohol content of .20%. By reason of the fact that defendant had a prior conviction for driving while intoxicated, he was subsequently indicted for and convicted of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (2).

On this appeal defendant claims, *inter alia,* that County Court erred in summarily denying defense counsel's motion to suppress the breathalyzer test results. We agree. Following jury selection and before the commencement of proof, defense counsel orally moved to suppress the results of the breathalyzer test on the ground that the People's foundational evidence was insufficient based upon the fact that the breath analyzer ampule used in defendant's test came from lot No. 0917 and was manufactured by Systems Innovation, Inc., which was the same lot number and manufacturer of the ampule used in the breathalyzer test at issue in *People v Serrano* (142 Misc 2d 1087). In support of his motion, defense counsel offered the investigatory report of the Pennsylvania Auditor General as was done in *Serrano.* Thus, defense counsel raised a substantial question regarding whether the chemical solution in lot No. 0917 was of the proper kind and mixed in the proper proportions so as to permit the breathalyzer test results to be admitted into evidence and a pretrial fact-finding hearing should have been held on that issue *(see, People v Colon,* 180 AD2d 876, *lv denied* 80 NY2d 829).

The People contend on appeal that defendant's motion was untimely and was therefore properly denied. Inasmuch as the People failed to raise that issue before County Court, they are precluded from doing so on appeal *(see, e.g., Gunzburg v Gunzburg,* 152 AD2d 537, 538; *Rohdie v Michael Guidice, Inc.,* 132 AD2d 541, 542). In any event, given the fact that problems with the preparation and safeguarding of the chemicals involved here did not become widely known until 1989 as the result of *People v Serrano (supra),* we are of the view that defense counsel's motion was timely in the circumstances of

this case.* Accordingly, we withhold determination of the remaining issues raised on this appeal and remit the matter to County Court for a hearing to determine whether the subject chemicals were of the "proper kind and mixed in the proper proportions" *(People v Freeland,* 68 NY2d 699, 700) to meet the prerequisite showing for admissibility of the breathalyzer results.

Mikoll, J. P., Yesawich Jr. and Levine, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.

---

* Defense counsel made his oral application on April 10, 1989 during the first day of trial. *People v Serrano (supra)* was first reported in the New York Law Journal on March 3, 1989, in the unofficial advance sheets on May 24, 1989, and in the official advance sheets in August 1989.