◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL W. HERRING, Appellant. [641 NYS2d 649] —Peters, J. Ap-

peal from a judgment of the County Court of Montgomery County (Aison, J.), rendered September 24, 1993, upon a verdict convicting defendant of the crime of sodomy in the first degree.

On June 3, 1992, defendant entered the City of Amsterdam Police Department in Montgomery County and told a police dispatcher that he needed to speak to a police officer since he had just committed a rape. Arrested thereafter, he was indicted on July 8, 1992 for separate incidents of forcible sexual conduct,[1] allegedly occurring on April 10, 1992 and June 3, 1992. Remanded to County Jail, defendant later posted bail and was released from custody pending trial.

Following a *Huntley* hearing, County Court denied defendant's motion to suppress his oral and written inculpatory statements and scheduled a trial for August 18, 1993. At a hearing held the day before trial, defense counsel advised the court that he could not locate his client. Despite objection by the People, County Court adjourned the proceeding for one day to give counsel an opportunity to locate defendant. On August 18, 1993, after a hearing and the issuance of lengthy findings of fact, the court determined that defendant waived his right to be present at trial. Defendant was thereafter tried in absentia, found guilty of the crime of sodomy in the first degree and sentenced in absentia to an indeterminate term of incarceration of 6 to 18 years. Later arrested in Florida and extradited to New York, defendant now appeals.

Of the numerous purported errors raised on appeal, only certain issues merit our review. Defendant, a professor holding a Ph.D. degree, first challenges County Court's determination to hold the trial in his absence. The record reflects that he appeared at the *Huntley* hearing held on June 23, 1993 wherein appropriate *Parker* warnings were provided by the court (*see, People v Parker*, 57 NY2d 136; *People v Colon*, 180 AD2d 876, 877, *lv denied* 80 NY2d 829). On that date, defendant was further advised that the trial was scheduled to commence on August 18, 1993 and that his presence was required on August 17, 1993 for the resolution of all pretrial matters. Defense counsel confirmed that defendant was aware of the trial date. He failed to appear on August 17, 1993.

At the hearing on August 18, 1993 regarding his absence, defense counsel advised County Court that his client could still not be located. Defendant's daughter testified that she had been in contact with him three days prior thereto but could

---

1. The indictment charged defendant with, *inter alia*, the crimes of rape in the first degree, sodomy in the first degree and attempted rape in the first degree.

not locate him thereafter. Testimony further revealed that defendant had left letters to various individuals, including the bail bondsman, expressing an intent to disappear or leave. The People presented evidence indicating efforts made to locate him at 17 area hospitals, six local County jails, veteran's agencies and the Coroner's office. Notwithstanding County Court's determination that defendant had waived his right to be present by intentionally and willfully failing to appear for trial, it granted defense counsel's request for a second adjournment to locate defendant. On August 19, 1993, after defense counsel reiterated no success in locating defendant, the court issued a bench warrant and ordered bail forfeited. Based upon the above, we find no abuse of the court's discretion in proceeding to trial in defendant's absence (*see, People v Colon, supra*).

Next, we address defendant's contention that County Court erred in denying his pretrial request for a psychological evaluation of the victim to determine whether she was competent to testify. We find no merit in this contention since the requested evaluation is not authorized by statute (*see,* CPL 240.20 [1]) and the record reveals no basis for finding a compelling need in the interest of justice (*see, People v Gutkaiss,* 206 AD2d 628, *lv denied* 84 NY2d 936). Notably, no objection was proffered when the victim was called to testify. As to the victim's testimony which defendant contends was prejudiced by her reference to two alleged prior bad acts, the record reflects an objection to one such statement on the ground of relevancy and no objection to the second such statement. Assuming, without deciding, that the testimony should have been the subject of a *Ventimiglia* hearing (*see, People v Ventimiglia,* 52 NY2d 350) and mindful that the issue has not been preserved for review, were we to address it we would find such error harmless.

Further along the litany of errors allegedly committed by County Court, defendant contends that the treating nurse testified in a manner exceeding the "prompt outcry" exception of the hearsay rule by including details of the incident as related by the victim (*see, People v McDaniel,* 81 NY2d 10; *People v Rice,* 75 NY2d 929). While the record fails to reveal that defendant adequately preserved this issue for our review (*see, People v Williams,* 75 NY2d 858; *People v Simmons,* 218 AD2d 677, *lv dismissed* 87 NY2d 850), we do find that such testimony had, in fact, exceeded the noted exception, yet recognize that County Court, *sua sponte,* gave a contemporaneous limiting instruction to the jury. Reviewing this issue "[a]s a matter of discretion in the interest of justice" (CPL 470.15 [3] [c]), we determine that

in light of defendant's inculpatory statements concerning his commission of forcible sodomy upon this victim, combined with the victim's testimony, there was overwhelming evidence of guilt (*see, People v Crimmins*, 36 NY2d 230; *People v Williams*, 197 AD2d 722, *lv denied* 82 NY2d 905) and thus any error resulting therefrom is deemed harmless (*see, People v Rice, supra*, at 932; *People v Harper*, 144 AD2d 946, *lv denied* 73 NY2d 892).

As to defendant's challenge to his conviction for sodomy in the first degree as legally insufficient due to the absence of proof indicating penetration, we find no merit (*see, People v Lipinski*, 159 AD2d 860, *lv denied* 76 NY2d 860; *People v Griffith*, 80 AD2d 590). We further find County Court to have appropriately refused defendant's request that the jury be instructed on posttraumatic stress disorder since no such evidence was presented at trial, despite appropriate notice made pursuant to CPL 250.10. Finally, we find no error in the court's admission of the video portion of the police video tape, with appropriate limiting instructions, allowed for the sole purpose of displaying defendant's condition and appearance at the time of his arrest processing (*see, People v Raco*, 168 AD2d 806, *lv denied* 77 NY2d 910).

Dismissing defendant's claim of ineffective assistance of counsel based upon the principles of *People v Baldi* (54 NY2d 137), and our conclusion that meaningful representation was provided, we affirm the conviction after finding the remaining contentions to be without merit.[2]

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

2. Defense counsel, *inter alia*, made pretrial motions, participated in both *Huntley* and *Sandoval* hearings, made substantial efforts to locate defendant and successfully obtained two adjournments for that purpose. He further cross-examined witnesses, moved to dismiss the indictment and was successful save three counts. Additionally, defense counsel appeared on defendant's behalf at sentencing and filed a notice of appeal, despite his client's continued absence.