■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BEDFORD, Appellant. [665 NYS2d 596] —Mercure, J. Ap-

peal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 24, 1995, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

A Grand Jury indicted defendant for sexual abuse in the first degree and endangering the welfare of a child based upon a factual allegation that defendant touched the vagina of a nine-year-old girl in March 1993. Convicted after trial of sexual abuse in the first degree, defendant now appeals.

We affirm. We are entirely unimpressed by defendant's primary contention, that County Court erred in refusing to grant a mistrial following the People's impermissible reference to an alleged prior bad act. On cross-examination, the prosecutor asked defendant whether he had ever gotten into trouble at his place of employment for dishonesty. Defendant gave a negative response and his counsel's objection elicited an immediate curative instruction from County Court that the jury was to disregard the question and that the testimony should be stricken from the record. Considering the fairly innocuous nature of the People's inquiry, defendant's denial, County Court's prompt curative instruction and the overwhelming evidence of guilt, including the victim's testimony and defendant's confession, we view the claim of reversible error as devoid of merit (*see, People v Herring*, 227 AD2d 658, 660-661, *lv denied* 88 NY2d 986; *People v Nusbaum*, 222 AD2d 723, 726, *lv denied* 87 NY2d 1023). For similar reasons, we conclude that the People's failure to provide particulars concerning defendant's acts of "french kissing" constituted, at most, harmless error.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.