(May 8, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DIOTTE, Appellant. [759 NYS2d 244] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 1, 1998 in Albany County, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

In February 1997, a 10-year-old female (hereinafter the victim) and her friend stayed overnight at their babysitter's apartment. At some point during the evening, the babysitter

left the apartment, leaving the two girls with defendant. While defendant and the victim were sitting on the couch watching television, defendant began rubbing the victim's stomach and eventually moved his hand down under her underwear and touched her genital area. A few days later, the victim told, among others, the babysitter's sister about the incident, who in turn apprised the victim's mother thereof. As a consequence, the mother called the police, and a detective interviewed the defendant, who admitted that he had rubbed the victim's stomach and, because the victim was squirming around, his hand may have slipped inappropriately underneath her underwear.

Defendant was indicted and charged with one count of sexual abuse in the first degree. Defendant failed to appear for his scheduled arraignment, prompting the issuance of a bench warrant. When defendant thereafter appeared for arraignment, he signed a *Parker* admonishment and was verbally advised that if he failed to appear when required, he would be tried in absentia. Defendant failed to appear at his December 1997 suppression hearing, which proceeded in his absence, and failed to appear in March 1998 for his scheduled trial, which likewise proceeded in his absence. Defendant ultimately was convicted as charged and sentenced as a second felony offender to a determinate prison term of seven years. Defendant now appeals.

Initially, we reject defendant's contention that the victim's testimony was insufficiently corroborated. We need note only that corroboration no longer is required for a charge of sexual abuse predicated upon the age of the victim (*see People v Soulia,* 263 AD2d 869, 872 [1999], *lv denied* 94 NY2d 829 [1999]). Nor are we persuaded that the verdict was against the weight of the evidence. Viewing the evidence in a neutral light and weighing the probative value of the conflicting inferences that may be drawn therefrom, we are satisfied that the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

Finally, we reject defendant's contention that he was denied due process when his trial was conducted in his absence. It is axiomatic that a trial may proceed in a defendant's absence where he or she has been made aware of the fact that he or she will be tried in absentia if he or she fails to appear when scheduled (*see People v Parker,* 57 NY2d 136, 141 [1982]) and the trial court has determined that an adjournment pending execution of a bench warrant would not likely result in locating the defendant within a reasonable period of time (*see People v Sumner,* 254 AD2d 537, 538 [1998]).

Here, defendant clearly was advised that if he voluntarily absented himself, his trial would proceed without him. It also appears that defense counsel's repeated attempts to locate defendant were to no avail, defendant failed to report to his probation officer as required and, further, failed to appear in two local criminal courts resulting in the issuance of two bench warrants for his arrest. Considering these factors, Supreme Court quite properly determined that it was unlikely that defendant could be located within a reasonable time and was justified in proceeding in his absence. We have considered defendant's remaining arguments and find them to be equally without merit.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.