■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER STROMAN, Appellant. [775 NYS2d 117]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 10, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the second degree.

Following his arraignment, defendant signed a *Parker* admonishment acknowledging that if he did not appear in court when required, trial could proceed in his absence. Seven months later, after he repeatedly failed to appear for trial and could not be located despite the issuance of a bench warrant, defendant was tried in absentia and found guilty of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the second degree. After his extradition from North Carolina on an unrelated matter approximately 10 months later, County Court sentenced defendant to concurrent prison terms of $7^1/_2$ to 15 years, $3^1/_2$ to 7 years and one year, respectively, for his convictions. Defendant appeals.

Initially, we disagree with defendant's contention that County Court committed reversible error by denying his counsel's chal-

lenge for cause to two jurors who said they were "not sure" when, after a series of questions directed to a different juror, his counsel asked the panel generally whether "even notwithstanding the instruction to the contrary, you just don't think you would be able to avoid inferring something negative against my client if I don't introduce any evidence?" Choosing to interpret these responses as revealing possible bias rather than a request that he clarify his convoluted question, defendant's counsel did not avail himself of the opportunity to pursue the issue any further. In this context, and considering that defense counsel's questioning excluded the fact that, at trial, the jury would also hear cross-examination of the People's witnesses, the jurors' response could not be said to reveal an inability to render an impartial verdict (*see People v Hernandez*, 222 AD2d 696, 696-697 [1995], *lv denied* 88 NY2d 879 [1996]; *People v Archer*, 210 AD2d 241, 241 [1994], *lv denied* 84 NY2d 1028 [1995]).

Next, County Court did not err by conducting the trial in defendant's absence. Defendant was aware of that possibility, and County Court made reasonable efforts to secure his attendance, including postponing trial and issuing a warrant for his arrest. The trial in absentia proceeded only after it became apparent that a further adjournment pending execution of the bench warrant would not likely result in locating defendant within a reasonable period of time (*see People v Diotte*, 305 AD2d 721, 723 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Shook*, 294 AD2d 710, 711 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Sumner*, 254 AD2d 537, 538 [1998]).

Defendant next contends that his convictions were against the weight of the evidence because the eyewitness testimonies were inconsistent and of questionable credibility. The record shows that one witness, the victim's girlfriend, testified that she saw defendant firing shots into the victim's car. Other witnesses testified to hearing shots fired and seeing defendant with a firearm in his hand, running away from the victim's vehicle. Viewing the evidence before the jury in a neutral light and according due deference to its resolution of credibility issues after observing the witnesses' demeanor, we cannot agree that the verdict here was against the weight of the evidence (*see People v Bates*, 299 AD2d 727, 728 [2002], *lv denied* 99 NY2d 626 [2003]; *People v Shook, supra* at 712; *People v Krug*, 282 AD2d 874, 878-879 [2001], *lv denied* 98 NY2d 652 [2002]).

Finally, since defendant's offenses involved shooting and wounding the victim, and defendant absconded from the jurisdiction for an extended period of time and did not return voluntarily, we find no reason to disturb the maximum sentences imposed.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.