■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA LAKATOSZ, Also Known as MARIA LAKATOS, Also Known

that, on this record, defendant's ineffective assistance argument appears viable.

as MARIA KWIEK, Also Known as MARIA LAKATUR, Appellant.
[877 NYS2d 475]—

Kavanagh, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered March 13, 2003, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts) and petit larceny (two counts).

Defendant was charged by indictment with two counts each of burglary in the second degree and petit larceny in connection with separate criminal transactions that occurred in Madison County in March and October 2001. In each, defendant was charged with purposely distracting elderly homeowners while accomplices stole money and property from their residences. After a jury trial, defendant was found guilty as charged and was sentenced to consecutive 15-year prison terms for each burglary conviction, as well as concurrent one-year sentences for each petit larceny conviction. Defendant now appeals.

Defendant contends that County Court erred in conducting in her absence many of the proceedings that culminated in her conviction, including the pretrial hearings, the trial and the imposition of her sentence. For there to be a valid waiver of a defendant's right to be present while proceedings in a criminal prosecution are being conducted, it must be shown that the defendant was informed not only of the right to be present at the proceedings, but also of the consequences for failing to appear, including the fact that the proceedings will proceed in his or her absence (*see People v Parker*, 57 NY2d 136, 141 [1982]; *People v Stroman*, 6 AD3d 818, 819 [2004], *lv denied* 3 NY3d 648 [2004]; *People v Diotte*, 305 AD2d 721, 722 [2003], *lv denied* 100 NY2d 580 [2003]; *see also People v Severino*, 44 AD3d 1077, 1078 [2007], *lv denied* 9 NY3d 1038 [2008]).

Here, on three separate occasions, County Court clearly and

unequivocally informed defendant of her right to be present and warned her that, if she failed to appear in court when required, all proceedings, including the trial and, if appropriate, the imposition of sentence, would be conducted in her absence. When defendant failed to appear as pretrial proceedings were about to begin, the court questioned defense counsel about defendant's whereabouts and issued a warrant for her arrest. We note that counsel acknowledged being in contact with defendant, as well as members of her family, up until the time she absconded, but represented to the court not only that he could not account for his client's absence, but at the time was unable to locate her. Before proceeding in defendant's absence, County Court considered the likelihood that she would be located, the impact on all involved by delaying the proceedings and, in particular, the advanced age of some of the witnesses who would be called to testify (*see People v Parker*, 57 NY2d at 142; *People v Stroman*, 6 AD3d at 819; *People v Thompson*, 306 AD2d 758, 760 [2003], *lv denied* 1 NY3d 581 [2003]; *People v Colon*, 180 AD2d 876, 877 [1992], *lv denied* 80 NY2d 829 [1992]).*

We also find no merit in defendant's contention that County Court erred in not granting her motion to sever counts one and two from counts three and four of the amended indictment. As these counts involved the same statutory provisions, albeit different criminal undertakings (*see* CPL 200.20 [2] [c]; *People v Hunt*, 39 AD3d 961, 962 [2007], *lv denied* 9 NY3d 845 [2007]; *People v Halm*, 180 AD2d 841, 843 [1992], *affd* 81 NY2d 819 [1993]), the decision to grant a severance is committed to the sound discretion of the trial court (*see People v Mahboubian*, 74 NY2d 174, 183 [1989]; *People v Nickel*, 14 AD3d 869, 870 [2005], *lv denied* 4 NY3d 834 [2005]). At trial, the victims of each burglary described in detail their contact with defendant and how each crime was committed. In addition, County Court gave appropriate instructions to the jury that clearly and succinctly distinguished between the charges and how the evidence introduced on each was to be properly employed by the jury in its deliberations (*see People v Hunt*, 39 AD3d at 962; *People v Halm*, 180 AD2d at 843; *see also People v Cannon*, 306 AD2d 130, 130-131 [2003], *lv denied* 1 NY3d 539 [2003]). As such, the evidence as to each burglary was ''separately presented, uncomplicated and easily distinguishable'' (*People v Kelly*, 270

---

* There is no merit to defendant's claim that the integrity of her waiver of her right to be present at trial was in some way affected by her limited grasp of the English language. To the contrary, the record demonstrates that defendant, as she informed County Court, fully understood English, did not need an interpreter and understood the court when it warned her on three separate occasions as to what would occur if she failed to appear.

AD2d 511, 512 [2000], *lv denied* 95 NY2d 854 [2000]; *accord People v Nickel*, 14 AD3d at 870; *People v Fosmer*, 293 AD2d 824, 824-825 [2002], *lv denied* 98 NY2d 696 [2002]; *see also People v Cannon*, 306 AD2d at 130-131).

While we are convinced that defendant received a fair trial and her guilt was established beyond a reasonable doubt, we do believe that the 30-year prison term was, under all of the circumstances, harsh and excessive. We note that prior to trial, the People, with County Court's approval, offered defendant a six-year prison sentence if she pleaded guilty to one count of burglary in the second degree and bail jumping. In addition, the Attorney General agreed as part of the plea bargain to contact the prosecuting authorities in Onondaga County to obtain their consent to this guilty plea satisfying any similar charges pending against defendant in that jurisdiction. While defendant gave up any right she might have to this disposition by electing to proceed to trial (*see People v Van Pelt*, 76 NY2d 156, 160 [1990]; *People v Fletcher*, 309 AD2d 1085, 1086 [2003], *lv denied* 1 NY3d 571 [2003]), the record does not support such a dramatic enhancement in the proposed sentence. The scenario as to how these crimes were committed did not change between the time the plea was offered and the trial was conducted. Nor does it appear that anything was developed at trial that in any way added to the seriousness of defendant's misconduct. As such, it is difficult to glean anything from the record that would justify the imposition of a sentence after trial that was five times greater than that which was proposed by the People prior to trial (*see People v Riback*, 57 AD3d 1209, 1218-1219 [2008]).

Moreover, while we agree with County Court that defendant's failure to appear for the criminal proceedings was indeed an aggravating factor to be considered at sentencing, this, by itself, cannot warrant the imposition of maximum sentences to run consecutively. In that regard, we note that while defendant has been charged with committing numerous burglaries both prior to and after the instant crime, the presentence investigation report establishes that she has but one prior conviction for which she received a three-year probationary sentence. As a result, while we do not in any way minimize the seriousness of the crimes for which defendant stands convicted and are well aware that they involve preying upon a particularly vulnerable segment of the community, we find that the sentences, even in light of her absence during the proceedings, were excessive and out of proportion with those typically issued for similar convictions (*see People v Mitchell*, 55 AD3d 1048, 1052 [2008] [10-year prison term imposed for burglary in the second degree convic-

tion for breaking into a residence with a gun while the inhabitants were sleeping]; *People v Anderson*, 48 AD3d 896, 897 [2008], *lv denied* 10 NY3d 859 [2008] [6½-year prison term for a nighttime burglary of a residence during which the occupant was fatally stabbed by the codefendant]; *People v Baldwin*, 35 AD3d 1088, 1089-1090 [2006] [concurrent prison terms of 4½ years for the burglary of two residences]; *compare People v Perkins*, 56 AD3d 944, 945-946 [2008] [imposition of a 28-year prison term affirmed for the "violent and terrifying nature" of the crimes in which two men wearing masks and wielding a handgun pushed their way into an apartment, tied up the two female occupants, threatened to kill them, demanded money at gunpoint and ransacked the apartment]).

Given a total absence of any evidence that the victims were ever threatened or that violence of any kind was employed in the commission of either of these crimes, we are persuaded to exercise our interest of justice jurisdiction to modify defendant's sentences and order that her 15-year prison terms imposed for each burglary conviction run concurrently (*see* CPL 470.15 [2] [c]; [6] [b]; *People v Riback*, 57 AD3d at 1218-1219; *People v Wallace*, 53 AD3d 795, 798 [2008], *lv denied* 11 NY3d 795 [2008]; *People v Cruz*, 41 AD3d 893, 896-897 [2007], *lv denied* 10 NY3d 933 [2008]). Defendant's remaining arguments, including that the Attorney General lacked jurisdictional authority to prosecute (*see* Executive Law § 70-a [7]) and that the indictment should have been dismissed pursuant to CPL 210.35, have been examined and determined to be without merit.

Peters, J.P., Rose and Kane, JJ., concur; Spain, J., not taking part. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences for the two counts of burglary in the second degree shall run concurrently to one another and to the two sentences for petit larceny; and, as so modified, affirmed.

