People v Hamell (2019 NY Slip Op 02229)





People v Hamell


2019 NY Slip Op 02229


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


334 KA 16-01085

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDDIE HAMELL, ALSO KNOWN AS CHOKE, DEFENDANT-APPELLANT. 






ANTHONY F. BRIGANO, UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 6, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count to a determinate term of five years of imprisonment and three years of postrelease supervision, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree
(§ 220.16 [1]) arising out of two separate drug transactions in which he sold a total of $80 of crack cocaine to a confidential informant. Although defendant pleaded guilty in exchange for a promised aggregate sentence of six years' imprisonment, County Court ultimately imposed an enhanced aggregate sentence of 16 years' imprisonment after defendant failed to appear for sentencing and remained at large for approximately two years.
Preliminarily, we agree with defendant that he did not validly waive his right to appeal. Although defendant executed a notice-of-right-to-appeal form (see former 22 NYCRR 1022.11 [a]), that form "does not constitute a proper written waiver of the right to appeal" (People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016]; see People v Finster, 136 AD3d 1279, 1280 [4th Dept 2016], lv denied 27 NY3d 1132 [2016]), and the court's colloquy "amounted to nothing more than a simple confirmation that the defendant signed" the form (People v Alston, 163 AD3d 843, 844 [2d Dept 2018], lv denied 32 NY3d 1062 [2018] [internal quotation marks omitted]).
We further agree with defendant that the enhanced sentence is unduly harsh and severe, even in light of his criminal record and extended flight from justice (see People v Kordish, 140 AD3d 981, 983 [2d Dept 2016], lv denied 28 NY3d 1029 [2016]; see also People v Tuff, 156 AD3d 1372, 1379 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]; People v Lakatosz, 59 AD3d 813, 816-817 [3d Dept 2009], lv denied 12 NY3d 917 [2009]). We therefore modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) by reducing the sentence imposed on each count to a determinate term of five years' imprisonment and three years' postrelease supervision, which thereby produces an aggregate term of imprisonment of 10 years.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court