Stephen ¡Smyk, J.
The People appeal the April 24, 1974 order of the Village Court of Johnson City, New York, dismissing a simplified information charging the defendant with driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law.
Prior to the commencement of the trial, the Assistant District Attorney made an offer of proof with respect to his intention *173 to present evidence (pursuant to subdivision 2 of section 1194 of the Vehicle and Traffic Law) of the defendant’s refusal to take a blood test. That section reads, in pertinent part: “ If such person having been placed under arrest or after a breath test indicates the presence of alcohol in his system and having thereafter been requested to submit to such chemical test, refuses to submit to such chemical test, the test shall not be given * * * however * * * evidence of such refusal to submit to such chemical test shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of this section or the provisions of section eleven hundred ninety-two of this chapter but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.”
The lower court would not allow the prosecution to introduce evidence of refusal and declared the above-quoted section of the Vehicle and Traffic Law unconstitutional.
The issue, simply framed, is whether evidence of refusal may be admitted pursuant to subdivision -2 of section 1194. In order to understand whether this type of evidence is proper, we must first examine whether the defendant having been arrested for driving while intoxicated has a constitutional right to refuse to submit to a chemical analysis of his breath. The landmark decision of Schmerber v. California (384 U. S. 757) answers the foregoing question in the negative by "'holding that there are no constitutional rights or privileges to prevent a State from compelling a person, suspected of driving while intoxicated, to submit to a blood test. Furthermore, the New York Court of Appeals has. held, as a logical extension of Schmerber, that a person is not entitled to the warnings required by Miranda v. Arizona (384 U. S. 436) prior to the extraction of blood (People v. Craft, 28 N Y 2d 274). Consequently, since there is no constitutional right to refuse to submit to such a test, it necessarily follows that there can be no constitutional prohibition to prevent comment upon the accused’s failure to take the test.
Furthermore, Judge Jaseh, in a concurring opinion in People v. Paddock (29 N Y 2d 504, 506) has stated: “ An examination of the legislative history of section 71-a of the Vehicle and Traffic Law of 1929 (predecessor to § 1194) reveals that the primary reason for allowing an individual to refuse to take a blood test was to avoid the unpleasant .situation of forcibly taking blood from a recalcitrant donor. (See Interim Report of Joint Leg *174 islative Committee on Motor Vehicle Problems, Chemical Tests for Intoxication [N. Y. Legis. Doc., 1953, No. 25].) However, the strong policy evidenced to remove the drunken driver from the road means that such a refusal will result in a license revocation. Consequently, this ‘ right ’ of refusal is not really a right in the sense of a fundamental personal privilege, but, rather, was merely an accommodation to avoid a distasteful struggle to forcibly take blood. Since the statute itself equates a refusal with guilt (by revoking the driver’s license) and expresses a strong policy to protect the public from the threat of drunken driving, there appears to be no compelling reason to forbid comment on a person’s refusal to take a blood test. It should be quite obvious that the primary reason for a refusal to submit to a chemical test is that a person fears its results. To forbid comment upon such a refusal seems unduly restrictive of legislative intent and unnecessarily prevents the use of competent and probative evidence. (See Fisher, Vehicle Traffic Law [1961], p. 288.) ”
Therefore, Judge Jasen’s opinion emphasizes that the defendant’s right of refusal is not a constitutional right as the defendant’s attorney would have us believe; rather it is a qualified statutory right whereby the defendant as well as the police are able to avoid the unpleasantness connected with the administering of a blood test to an unwilling subject. And, while Paddock was decided before the passage of subdivision 2 of section. 1194, we believe it significant that the court concluded its opinion by urging the Legislature to enact a statutory amendment permitting the introduction of evidence of refusal. In response to that suggestion, the Legislature passed subdivision 2 of section 1194, and we note that this statutory scheme is consistent with the current trend toward admissibility of refusal evidence at trial (see Erwin, Defense of Drunk Driving Cases [3d ed.], § 31.03 et seg).
Accordingly, we believe the lower court’s ruling to be erroneous and we reverse the trial order of dismissal based thereon.