Frederick D. Dugan, J.
Defendant is indicted for operating a motor vehicle while under the influence of alcohol, a misde *153 meanor, in violation of section 1192 of the Vehicle and -Traffic Law. Upon a prior application by the defendant, with the consent of the prosecution, an order of this court dated September 9, 1974 directed that this charge be prosecuted by indictment and that the District Attorney present it to the Grand Jury for such purpose. (CPL 170.25.) The indictment is dated September 27, 1974.
Defendant was arraigned on this indictment on October 3, 1974 and entered a plea of not guilty. Defendant filed omnibus motions including, among other things, a request for a hearing to determine the admissibility of any oral statements made by the defendant to any police officer or official and for a hearing to determine the admissibility of the results of any blood test taken from the defendant. Upon the argument of the motion on December 16, 1974, defendant, without objection from the prosecution, asked for a hearing to determine the voluntariness of any statements made by the defendant and for a hearing to determine the admissibility of any blood test taken. Defense counsel stated that the prosecution acknowledged there may be statements used.
This hearing was conducted on February 10, 1975 by consent of counsel without a notice of motion or supporting affidavit. At the opening of argument, defense counsel stated that the motion was to suppress the admissibility of the results of defendant’s blood test upon the trial of the action and to suppress any oral statements made by the defendant to any police officer or officers. He stated that he did not know the nature of the statements, but that he had received a notice that the prosecution intended to introduce oral statements upon the trial of the action.
A pretrial motion to suppress a record or potential testimony reciting or describing a statement of a defendant involuntarily made to a law enforcement officer is authorized under CPL 710.20 (subd 2).
Upon this hearing it was established that on May 16, 1974 the defendant was injured in a one-car accident on County Road 407. The Deputy Sheriff on routine patrol came upon the scene of this accident at 1:20 a.m. and discovered the defendant in the operator’s seat of the automobile. Defendant was unconscious or semiconscious at the time and the officer testified that he smelled alcohol on the defendant’s breath and that there were beer cans on the floor of the automobile.
There were four persons in the automobile. The officer *154 called an ambulance, administered first aid to the injured and arranged their transfer to the hospital.
At 2:10 a.m. the officer was with the defendant at the emergency room in the hospital. The officer testified that he had no prior conversation with the defendant.
The officer stated that at this time he advised the defendant that he was under arrest for driving while intoxicated and then requested defendant to take a blood test to determine alcohol content. The officer testified that defendant said, in substance, that he was guilty if he didn’t take the test, so he would. This is also defendant’s recollection.
It is clear that the officer did not advise the defendant of the four-fold warning that he had a right to remain silent, that any statement could be used in court, that he had a right to have an attorney present at interrogation and to have counsel appointed if he were indigent as mandated by Miranda v Arizona (384 US 436). Nor did the officer advise defendant of the consequences of his failure to submit to the blood test under subdivision 2 of section 1194 of the Vehicle and Traffic Law.
Defendant here contends that the failure to give him his Miranda warnings and to advise him that his operator’s license could be revoked and his refusal admitted in evidence if he refused to take the blood test are grounds to suppress defendant’s oral statements and the blood test as evidence on trial.
The Fifth Amendment right against self incrimination is limited to evidence which is testimonial or communicative in nature (Schmerber v California, 384 US 757) and the defendant is not entitled to the Miranda warnings before an alcohol blood test. (People v Craft, 28 NY2d 274.)
Here we are not confronted with a defendant who refused to take the alcohol blood test. (People v Rodriguez, 80 Misc 2d 1060.) Under subdivision 2 of section 1194 of the Vehicle and Traffic Law, evidence that a defendant refused to submit to a chemical test to determine the alcoholic content of his blood may be admissible in any trial only on a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.
Here defendant’s statement that if he did not submit to the blood test he would be guilty communicates not only his *155 consent to submit to the test but his understanding of the result if he refused to do so. While he was compelled to submit by the risk of losing his operator’s license and possibly having his refusal admitted into evidence on trial, those compulsions are legally permissible under the provisions of subdivision 2 of section 1194 of the Vehicle and Traffic Law.
Any person who operates a motor vehicle is deemed to have given his consent to a chemical test for the purpose of determining the alcoholic content of his blood. The law authorizes that the test be administered at the direction of an officer who has reasonable grounds to believe such person to have been driving under the influence of alcohol and within two hours after arrest. (Vehicle and Traffic Law, § 1194, subd 1.)
It is held that the defendant here consented to the blood test and that it is not constitutionally required that defendant be given the four-fold Miranda warning before administration of the alcohol blood test. However, the failure to give the Miranda warnings does apply to testimonial or communicative evidence and defendant may have suppression of his statement of consent to the officer.
There is no indication in the proceedings before this court that the officer had any other conversations with the defendant on May 16, 1974 or that the prosecution proposes to present any other statements from defendant on that date.
The officer did testify that on May 20, 1974, he went to the hospital and questioned the defendant about his occupation and events prior to the accident in order to complete the accident report. It also appears that on June 18, 1974 the officer delivered an appearance ticket to the defendant in a hospital. The testimony is that the officer did not advise the defendant of the four-fold Miranda warnings on either of these occasions.
Since the defendant was never given these mandated warnings, it follows that no statements made by the defendant to the officer on May 16, 1974, May 20, 1974 or June 18, 1974 or any evidence resulting from such statements may be received in evidence upon the trial of this matter and suppression is granted as to those statements.
Upon this hearing at the close of the prosecution’s proof, defendant moved for suppression of the blood test on the grounds that the prosecution had failed to present evidence on procedures in the actual taking of the blood test and had not *156 shown a properly administered blood test. Decision was reserved on this motion.
No authority is presented for such a pretrial determination of the admissibility of the blood test evidence, except the constitutional grounds here considered. The prosecution is not required to present the foundation evidence for the blood test until the trial of the matter. Defendant’s motion is denied with leave to renew upon trial.