*180 OPINION OF THE COURT
C. Benn Forsyth, J.
This application for an order of suppression of a defendant’s refusal to take a blood test falls into the confused ways of lower court case law. At present, the precise issue does not seem to have been considered by the appellate courts of this State.
The facts are simple. The defendant seeks to suppress her refusal to take a blood test upon the ground that she was so hysterical at the time the Miranda warning was given she did not understand it.
CPL 60.45 (subd 2, par [b], cl [ii]) covers the situation. This section prohibits introduction of confessions taken by law enforcement officers "in violation of such rights as the defendant may derive from the constitution of this state or of the United States.” The right against self incrimination has been uniformly held to apply only to testimony and not to physical facts, such as a blood test might reveal. As stated in People v Craft (28 NY2d 274, 276) "The initial question to be decided, therefore, is whether the withdrawal of blood, in order to ascertain its alcoholic content, and the receipt in evidence of the analysis report violate a defendant’s privilege against self incrimination. The Supreme Court answered that question in the negative”.
The failure to give Miranda warnings will not prevent the admission of proof of the blood test results. (People v Bartlett, 82 Misc 2d 152; People v Rosenthal, 87 Misc 2d 186.) It can only logically follow that if the taking of a blood test does not violate the right against self incrimination then the refusal to take the test can, likewise, in no way violate the right of self incrimination. This is the point which seems to have been overlooked in such cases as People v Houghland, (79 Misc 2d 868) or People v Delaney (83 Misc 2d 576). As stated in the case of People v Smith, (79 Misc 2d 172, 173): "Consequently, since there is no constitutional right to refuse to submit to such a test, it necessarily follows that there can be no constitutional prohibition to prevent comment upon the accused’s failure to take the test”.
The contention that while the refusal to take the test may be admissible in evidence, the words "I refuse” are not admissible (as self incriminatory) strains rationality. If the act of refusal does not violate the right against self incrimination, *181 then a statement to that effect can be no more serious. A statement cannot be a greater act of self incrimination than the conduct itself.
One other aspect remains. If the failure to take the test is not self incriminating, then why should the District Attorney be permitted to comment on it at all? The answer is that most people are aware of the existence of the alcohol test and its almost universal use. A jury can be expected to reasonably anticipate that an alcohol test was given, and assume that if there is no evidence of a test, the defendant "passed the test”. This would put the prosecution in a near impossible position. Thus, the prosecution should be entitled to establish that no test was given. This should be coupled with instructions by the court that the absence of a test has no bearing on the defendant’s guilt or innocence.
For the reasons stated, the application to suppress is denied.