OPINION OF THE COURT
John P. Lomenzo, Jr., J.
The defendant in this case was charged with three violations of the Vehicle and Traffic Law: failure to stop for a red light *1014 (§ 1111 [d] [1]); driving while intoxicated (§ 1192 [3]); and driving while intoxicated per se (§ 1192 [2]), all alleged to have occurred in the Town of Penfield on November 21, 1993.
A bench trial was had on January 23, 1996. The People’s case consisted of testimony from two Monroe County Deputy Sheriffs who participated in observing the alleged traffic light violation, and stopping and arresting the defendant; testimony from Sergeant Thomas McShea of the department, who administered a breathalyzer test to the defendant; and documentary evidence consisting of, among other things, the usual forms offered to establish a foundation for the admission of the results of the breathalyzer test. Upon the close of the People’s case both the People and the defendant rested.
Well prior to the commencement of the trial of this action, defendant made a written motion requesting a ruling in limine excluding the results of the breathalyzer test administered to him on the specific ground that, of the four chemicals reflected in the record of analysis breath analyzer ampoules (hereinafter ampoule test record), one was identified as silver rather than silver nitrate. No objection was raised with regard to the manner in which said document was authenticated, pursuant to CPLR 4518 (c), nor to the manner in which a foundation was laid for the document to be admitted under CPLR 4518 (a) as an exception to the hearsay rule.
Upon the close of proof at the trial, the court heard oral argument on the motion and, over the defendant’s objection, permitted the People to submit on the same day as the trial an additional written response to defendant’s motion. The defendant indicated that he did not desire to respond in writing to the People’s additional written response. The court reserved decision on the motion and its verdict.
As indicated by the Fourth Department in People v Garneau (120 AD2d 112, 115 [1986]): "It is well settled that as a foundational requirement for the admission of breathalyzer test results, evidence must be introduced both that the breathalyzer was in proper working condition when the test was given to defendant, and that the chemicals used in the test were of the proper kind and in the proper proportion * * * Out of practical necessity, the foundational requirement may be met by documentary proof. While breathalyzer documents may thus properly be received under the business records exception to the hearsay rule enunciated in CPLR 4518 * * * admissibil *1015 ity is conditioned upon strict compliance with the provisions of subdivisions (a) and (c) of that section (People v Mertz, 68 NY2d 136).” (Emphasis added; citations omitted.)
In the case at bar, the court is of the opinion that the technical requirements of CPLR 4518 (a) and (c) were met by virtue of what is set forth in the "Certificate of Photostatic Copy of Record of Analysis — Breathalyzer Ampoules” which was offered in evidence as part of People’s exhibit 5. But as noted above, that document was not the basis of the defendant’s objection. Rather, his objection was directed to the substance of what is reflected in the ampoule test record itself. The court considers it axiomatic that the standard for what must be contained in an ampoule test record should by no means be any less stringent than what must be contained in the document purporting to certify and authenticate such record. This is especially so in a criminal proceeding where a defendant has no opportunity to test the accuracy and reliability of the person who actually performed the test by way of cross-examination.
As the defendant points out in the affidavit of his attorney on the motion and as substantiated in the exhibits thereto attached, silver (chemical symbol Ag) is not the same thing as silver nitrate (chemical symbol AgN03). Silver is a base element while silver nitrate is a chemical compound. The fact that the word "silver” is preceded by the word "catalyst” in the ampoule test record is of no help to the People. "Catalysis” is defined in Webster’s College Dictionary as "Acceleration of a chemical reaction by a substance which itself remains unaffected”. "Catalyst” is defined as "the substance used in catalysis”. It might very well be that in certain situations silver, as opposed to silver nitrate, could be used as a catalyst. If the intention of the draftsperson of the ampoule test record was to indicate silver nitrate by the use of the words "catalyst (silver)”, such usage was sloppy at best. That will not do in a criminal prosecution.
The court has read both responses to defendant’s motion. The first response, dated January 28, 1994, argues that by his motion the defendant has sought to "suppress” the results of the breathalyzer test and that the CPL provides for no such motion. The short answer to this argument is that suppression is not what the defendant seeks. The defendant does not claim that the defect in the ampoule test record is the result of an "unlawful or improper acquisition of evidence” as specified in CPL 710.20, but that the document in question is simply defective, presumably due to the imprecise manner in which it was *1016 prepared. Not only was the defendant’s motion in limine entirely appropriate, but, what is more, the court is of the opinion that proceeding in limine is the preferred method of raising such an issue because it avoids potential delay and confusion during the trial itself.
The court finds that the additional written material offered by the People in opposition to the motion on the day of trial, which consisted of a memorandum previously prepared in prosecuting one Peter Thompson in Mendon Town Court, does not address the precise issue now being decided.
In view of the foregoing, the court finds that the ampoule test record is incompetent and inadmissible (People v Serrano, 142 Misc 2d 1087 [Crim Ct, Kings County 1989]), and consequently the results of the breathalyzer test inadmissible. The court is therefore compelled to find the defendant not guilty of the charge of violating section 1192 (2) of the Vehicle and Traffic Law.
The court finds the defendant guilty of violating section 1111 (d) (1) of the Vehicle and Traffic Law.
With respect to the common-law driving while intoxicated charge, the court is not persuaded beyond a reasonable doubt that the defendant was in fact intoxicated, but is satisfied that the defendant was driving while his ability was impaired by the consumption of alcohol and therefore finds him guilty of a violation of section 1192 (1) of the Vehicle and Traffic Law.