OPINION OF THE COURT
David D. Egan, J.
The indictment charges the defendant with two counts of felony driving while intoxicated (Vehicle and Traffic Law *367 § 1192 [2], [3]; § 1193 [1] [c]) as well as failure to signal turn (Vehicle and Traffic Law § 1163 [d]).
Defendant moves for a pretrial order suppressing the results of the breathalyzer test administered to him on the ground that, of the four chemicals reflected in the record of the analysis breath analyzer ampoules, one was identified as silver rather than silver nitrate.
The certification relative to the ampoule used in this case specifically states the relevant ampoule lot qualifies "within the specifications of the manufacturer”.
The court has long noted and generally approved of the People’s reliance upon authenticity certificates of the government or independent laboratories to show the proper composition of chemical ampoules used in the breathalyzer tests. (People v Uruburu, 169 AD2d 20, 25 [1991], citing People v Kinne, 71 NY2d 879, 880; People v Freeland, 68 NY2d 699; People v Gower, 42 NY2d 117, 122; People v McDonough, 132 AD2d 997, 998, lv denied 70 NY2d 801; People v Garneau, 120 AD2d 112; People v Meikrantz, 77 Misc 2d 892, 897-901.)
What effect the use of the "silver” rather than "silver nitrate” as a catalyst may have on the breathalyzer test result is unclear and is a proper question of fact for trial determination.
I find as a matter of law that where the record of analysis breath analyzer ampoules states "Catalyst (Silver)” instead of "Catalyst (Silver Nitrate)” it raises issues going to the weight of the evidence for trial consideration, and not to admissibility of the documents regarding the breathalyzer pursuant to CPLR 4518 (a) and (c). (People v Seablom, Rochester City Ct, Oct. 31, 1996, Geraci, J.; People v Ward, Henrietta Town Ct, Dec. 30, 1996, Renzi, J.; People v Herko, Fairport Vil Ct, Jan. 9, 1997, Nadler, J.; compare, People v Iwasiw, 167 Misc 2d 1013 [Penfield Just Ct 1996, Lomenzo, J.]; People v Henry, Webster Town Ct, July 16, 1996, Barrett, J.; People v Jenks, Ogden Town Ct, Sept. 27, 1996, Ryan, J.)
Accordingly, the defendant’s motion to suppress the results of the breathalyzer test is denied.