OPINION OF THE COURT
Stephen D. Aronson, J.
The defendant had been charged with violating Vehicle and Traffic Law § 1192 (2), § 1193 (3) and § 375 (2) (a), and a bench trial was held on May 21, 1997.
The defendant objected to the admissibility of the record of analysis of the breathalyzer ampoules on the ground that one of the chemical compounds identified in the exhibit — silver—is mislabeled.
The record of analysis of the breathalyzer ampoules purports to show that the chemical composition of the ampoule control *421 lot in question contained "catalyst (silver).” The defendant’s chemist, Patricia H. Brennan, testified that silver nitrate (not silver) is an acceptable catalyst for this solution. She explained that a catalyst is necessary to accelerate the chemical reaction so that a breathalyzer reading can take place within a matter of seconds. She testified that without a catalyst, a chemical reaction might take weeks.
Ms. Brennan testified that while silver nitrate (ion) is a proper catalyst, silver is not, and she concluded that People’s exhibit 3 was mislabeled by the State’s technician.
When a breathalyzer test is sought to be used at trial, the People must establish that the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions. (People v Uruburu, 169 AD2d 20, 24 [4th Dept 1991].) "The People’s obligation to establish the foregoing goes to the admissibility of the breathalyzer test result, not merely to the weight to be accorded it” (supra, at 24).
In the Uruburu case (supra), the defendant objected to the record of analysis of the breathalyzer ampoules which was introduced to show that the sulfuric acid solution ampoule used was properly constituted. The defendant’s witness was a former employee of the plant where the ampoules were manufactured. The former employee testified that random ampoule testing by the State did not assure the proper composition for all ampoules bearing that lot number because of commingling of different batches of chemicals and irregular lot numbering practices. The Appellate Division concluded that the expert’s testimony negated the probativeness of the authenticating certificate and therefore rendered the foundational evidence insufficient to support the admission for the breathalyzer test results.
In this case, the catalyst is clearly mislabeled as silver instead of silver nitrate. However, it can only be concluded from Ms. Brennan’s testimony that the accelerated chemical reaction could not have happened without the presence of the silver nitrate catalyst. Ms. Brennan’s testimony does not negate the probativqness of the authenticating certificate. Her testimony tends to confirm that the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions (cf., People v Iwasiw, 167 Misc 2d 1013 [Just Ct 1996] [decided on a motion in limine without the aid of expert testimony at trial]).
In the Uruburu case (supra), the ampoule manufacturer’s former employee destroyed the assumption that the samples of *422 all other ampoules bearing one lot number came from a single homogeneous batch of solution, and that no other batch bears that same lot number. The instant case presents merely a mislabeling. The mislabeling is harmless because a silver nitrate catalyst (although mislabeled as silver) must have been part of the chemical composition in order for an accelerated chemical reaction to take place.
Accordingly, on the charge of violating Vehicle and Traffic Law § 1192 (2), the defendant is guilty. The defendant is also guilty of driving while impaired and operating without headlights.