OPINION OF THE COURT
W. Patrick Falvey, J.
The court notes that there appears to be only one reported case regarding the issue at bar.
Defendant, Phillip D. Dailey, was indicted for two counts of operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192 (2), (3) and § 1193 (1) (c).
Defendant previously moved for assorted forms of relief as requested in the defendant’s notice of omnibus motion dated and sworn to by defendant’s counsel on October 17, 1996 and accompanying affidavit of the defendant and other supporting documents.
*432 Upon argument of his omnibus motion on December 11, 1996 certain branches and elements therein were decided and determined upon said argument.
Defendant also sought a pretrial ruling on the admissibility of a certain report from the New York State Police Crime Laboratories which, if the court denied its admission, would have required suppression of the breathalyzer test results of the defendant.
The defendant’s application was denied as premature but without prejudice to renew at trial for the issue is an evidentiary matter only relevant if the People present proof regarding breathalyzer test results.
The matter has now come on for trial and the defendant renews his application, in limine, opposing the admission of the report in question.
Here the People propose to offer during trial a certain report of the New York State Police Crime Laboratories dated January 30, 1995, concerning ampoules in batch No. 00394 as proof in chief concerning the breathalyzer test performed on the defendant at the time of his arrest.
The defendant opposes admission of this report, and in turn the results of the breathalyzer itself.
Defendant argues that the report, on its face, reaches the false or inaccurate conclusion that the ampoules "qualify within established specifications of the manufacturer” since the catalyst listed on the report is "silver” and "silver” will not work as a catalyst chemically in this situation, the correct catalyst being "silver nitrate”.
It is now well settled that the breathalyzer is a scientifically reliable instrument which, assuming certain conditions are met, is capable of producing an accurate measurement of a suspect’s blood alcohol content. (People v Alvarez, 70 NY2d 375; People v Mertz, 68 NY2d 136; People v Freeland, 68 NY2d 699.)
In general terms, the necessary conditions are: (1) proper calibration of the machine; (2) the machine is in good working order; (3) the chemicals used are of the proper kind and mixed in proper proportions; and (4) there was proper operation of the machine during the test.
It is this third requirement that is the issue at bar. The certified report in question is being offered by the People, as a business record under CPLR 4518 to show that a representative sample of the ampoule from a specific lot number of the *433 manufacturer of the ampoule contains the required amounts and proportions of the proper chemicals required for use in the breathalyzer machine. The court notes that assuming the ampoule actually used by the operator (who performed the breathalyzer test on the defendant) came from the same lot number tested, the courts have allowed the report as proof of this third requirement.
In the late 1980’s and early 1990’s, a number of defendants in DWI cases were successful in obtaining court rulings that the breathalyzer test results were not admissible because the above-mentioned certified ampoule report was inadmissible.
This report was deemed inadmissible when the defendants offered proof that the laboratory that manufactured the ampoules certified by New York State did not insure that each numbered lot of ampoules contained only one batch of the proper chemicals with said batch having been mixed at one time in one container. In those cases, the errant manufacturer was found to have assigned the same batch number to many individually mixed batches. Thus, a random sampling done by the New York certifying lab was not representative of all ampoules with the same batch label. And so, the certified report could not be used to prove the chemicals used were of the proper kind and mixed in the proper proportions. (See, e.g., People v Serrano, 142 Misc 2d 1087; People v Uruburu, 169 AD2d 20 [4th Dept].)
The court notes that in the case at bar the manufacturer named in the certified report is Guth Laboratories, Inc., which is not the same lab that came under scrutiny in the Serrano and Uruburu cases (supra).
Here, the defendant is not questioning the acts of the manufacturer, but only those of the certifier, that is, the New York State Police Crime Laboratories.
Defendant argues that: (1) the required and proper catalyst is silver nitrate; (2) the certified report states the catalyst used was "silver”; (3) the tested ampoule containing "silver” and not "silver nitrate” would not perform properly if used in the breathalyzer machine; and (4) the certified report is therefore inadmissible to prove the above-mentioned third requirement, i.e., chemicals used of a proper kind and mixed in proper proportions.
The People argue that it is actually the element "silver” that does the work as catalyst in the chemical reaction that occurs during use of the breathalyzer. While it is true that it is *434 silver in the compound silver nitrate that is contained in the ampoule, silver or elemental silver can properly be stated as the catalyst on the report.
Defendant cites People v Iwasiw (167 Misc 2d 1013 [Just Ct 1996]), which appears to be the only published decision on the silver/silver nitrate issue. The court there held on the identical issue that the ampoule test record was incompetent and inadmissible, citing People v Serrano (supra). The Iwasiw court reasoned that "the standard for what must be contained in an ampoule test record should by no means be any less stringent than what must be contained in the document purporting to certify and authenticate such record.” (People v Iwasiw, at 1015.)
This court does not agree with the Iwasiw court’s determination.
On review of the cases and literature provided by both sides, this court concludes that the certified report is admissible, as a business record.
In determining the admissibility of a business record, the CPLR requires the court to consider the following issues and only the following issues: (1) Was the record made in the regular course of business; (2) Was it the regular course of business to make such record; and (3) Was the record made at or about the time of the event or within a reasonable time thereafter? Here, was the report made soon after the ampoule was tested?
"All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility.” (CPLR 4518 [a].)
Therefore, the People have satisfied the requirements of CPLR 4518 and so the report in question is admissible. (See, People v Farrell, 58 NY2d 637.)
The defendant’s objection to the admissibility of the certified record of analysis for breathalyzer ampoules, control No. 00394 for failing to state "silver nitrate” is overruled. However, this does not foreclose the defendant from presenting proof which may affect the weight to be given such evidence by the finders of fact.