OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
On December 6, 1996, defendant was arrested for driving while intoxicated. At the police barracks, defendant was administered a breathalyzer test which resulted in a blood alcohol reading of .22%.
Prior to trial, defendant moved by order to show cause to preclude the breathalyzer results based upon the fact that silver was used in the ampoule, and that the proper chemical should have been silver nitrate. The court denied the motion without prejudice to renewal during the trial.
Defendant first argues that the certification of the “record of analysis simulator solution” bears the incorrect date of the test performance. While the certificate indicates the test was performed on October 29, 1996, the test was actually performed on October 25, 1996. Based upon a plain reading of CPLR 4518, we find that this scrivener’s error does not per se vitiate the authentication of the document. It is clear from the record of analysis that the test was performed on October 25, 1996, and recorded on October 29, 1996. Thus, it is readily apparent why the October 29, 1996 date is mistakenly indicated as the test date on the certification. In all other respects, the certification “set[s] forth that the entries in the certified record were made at the time of the events they record or within a reasonable time thereafter” (People v Mertz, 68 NY2d 136, 148). It should be noted that the People originally argued in their brief that the inconsistent dates on the certificate of recording and record of analysis were the result of a “ministerial error”. At oral argument, however, the People changed their theory as to the inconsistent dates by arguing that the certificate correctly indicated October 29, 1996, as the date the sample was recorded. A review of the record, in particular, the certificate of recording, does not support this contention, as the document patently states that the record of analysis was “performed on October 29, 1996.” We know this date to be incorrect, but find that the scrivener’s error was harmless.
*608 Turning to the issue of the allegedly improper chemical (silver) indicated on the record of analysis for the breathalyzer ampoules, the effect of silver rather than silver nitrate as a catalyst in a breathalyzer test result is a question to be determined by the trier of fact, and not a controlling factor in the admissibility of the evidence (People v Dailey, 173 Misc 2d 431; People v Cali, 172 Misc 2d 366; CPLR 4518 [a]; cf., People v Iwasiw, 167 Misc 2d 1013). In any event, defendant withdrew this issue at oral argument.
DiPaola, P. J., Ingrassia and Palella, JJ., concur.