[700 NYS2d 307]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP D. DAILEY, Appellant.

Fourth Department, November 12, 1999

**APPEARANCES OF COUNSEL**

*Thomas A. Corletta,* Rochester, for defendant-appellant.

*Susan H. Lindenmuth, District Attorney* of Yates County, Penn Yan, for plaintiff-respondent.

**OPINION OF THE COURT**

GREEN, J.

On appeal from a judgment convicting him of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]), defendant contends that the People failed to meet the foundational requirements for the admission of the breathalyzer test result. Defendant's primary contention is that the certified record of analysis of breathalyzer ampoules, which identifies the catalyst in the ampoules as silver rather than silver nitrate, is incompetent to establish "that the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions" (*People v Freeland,* 68 NY2d 699, 700; *see, People v Alvarez,* 70 NY2d 375, 380; *People v Donaldson,* 36 AD2d 37, 41). We conclude that County Court properly determined that the certified record of analysis of breathalyzer ampoules is admissible in evidence as a business record pursuant to CPLR 4518 (a) and that the issues raised by defendant go to the weight of the evidence, not its admissibility (*see, People v Dailey,* 173 Misc 2d 431, 434).

Defendant's conviction arises out of an incident in the early morning hours of August 7, 1996. An officer on patrol in the Village of Penn Yan observed defendant's vehicle straddling the double yellow line and being driven down the center of Water Street. After stopping defendant, the officer noticed that his speech was slurred, his eyes were glassy and there was an odor of alcohol on his breath. Defendant was unable to perform the standard field sobriety tests, and he was placed under arrest. At the police station, a breathalyzer test was administered, yielding a result of .15% blood alcohol content.

Prior to trial, defendant moved to exclude the breathalyzer test result on the ground that the foundational evidence relied upon by the People failed to establish the proper chemical composition of the ampoules used in the test. The evidence at issue, the record of analysis of breathalyzer ampoules control

No. 00394, certified by the State Police Crime Laboratory, identifies the catalyst in the ampoule solution as silver. The record concludes with the statement that the ampoules "qualify within established specifications of the manufacturer." In his motion, defendant challenged the accuracy of that statement, contending that the record of analysis, on its face, identifies the wrong chemical composition for the ampoule solution. More precisely, defendant maintained that silver nitrate is a proper catalyst in the solution while silver is not.

In support of the motion, defendant submitted the affidavit of his attorney with attached exhibits. The exhibits include the periodic chart of elements and table of atomic weights, an article in a legal periodical (see, Fiandach, New York DWI... Pass the Salt, Daily Record, May 20, 1993, at 1) and two decisions supporting defendant's position that the identification of silver rather than silver nitrate as the catalyst in the record of analysis renders the record inadmissible (see, People v Iwasiw, 167 Misc 2d 1013; People v Henry, Justice Ct, Town of Webster, July 16. 1996, Barrett, J.). In opposition to the motion, the People submitted the affidavit of the New York State Police Crime Laboratory's forensic scientist who analyzed ampoules in control No. 00394. The scientist asserts that silver is properly identified as the catalyst in the analysis of breathalyzer ampoules because it is silver that actually acts as the catalyst in the chemical reaction occurring when a person exhales into the breathalyzer.

The court denied the motion as premature with leave to renew at trial (see, People v Bartlett, 82 Misc 2d 152, 156). Defendant renewed the motion in limine at the outset of the trial. We conclude that the court properly denied the motion on the merits. The certificate accompanying the record recites that the record was made in the regular course of business of the New York State Police Crime Laboratory and that it is the regular course of the laboratory's business to make such records. Further, the record indicates that it was prepared on the same date that the analysis was conducted. Thus, the court properly concluded that the record is admissible in evidence as a business record pursuant to CPLR 4518 (a) (see, People v Farrell, 58 NY2d 637, 638-639; see also, People v Gower, 42 NY2d 117, 121) and that "[a]ll other circumstances of the making of the * * * record * * * may be proved to affect its weight, but they shall not affect its admissibility" (CPLR 4518 [a]). The issues raised by defendant with respect to the accuracy of the information contained in the record of analysis go to its weight, not

its admissibility (*see, People v Husted,* 179 Misc 2d 606, 608; *People v Cali,* 172 Misc 2d 366, 367; Fiandach, *Recent Decisions of Interest,* 4 NY DWI Bull [No. 19], at 3, col 3 [Sept. 18, 1997).

Contrary to defendant's contention, the submissions challenging the identification of silver rather than silver nitrate as the catalyst in the record of analysis did not so undermine the probativeness of the People's foundational evidence as to render the breathalyzer test result inadmissible (*see, People v Pantaleo,* 141 Misc 2d 251, 255; *cf., People v Uruburu,* 169 AD2d 20, 22, *lv denied* 78 NY2d 1082). Defendant's submissions on the motion raise issues concerning the reliability of the record of analysis but do not negate its probativeness (*cf., People v Uruburu, supra,* at 25). Thus, the record of analysis was properly admitted as "evidence from which the trier of fact could reasonably conclude * * * that the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions" (*People v Freeland, supra,* at 700; *see, People v Alvarez, supra,* at 380).

At trial, defendant did not attack the reliability of the record of analysis either before the jury or in his motion to dismiss the charges for insufficient evidence at the close of the People's case. Instead, defendant challenged the sufficiency of the People's evidence to establish the other foundational requirements for admission of breathalyzer test results, i.e., "that the testing device was in proper working order at the time the test was administered, [and] that the test was properly administered" (*People v Uruburu, supra,* at 24). We conclude that the People satisfied those elements of their foundational burden. The People presented evidence that the breathalyzer was properly and timely calibrated and that it was properly functioning at the time defendant's test was administered (*see, People v Donaldson, supra,* at 41; *cf., People v Todd,* 38 NY2d 755, 756). In addition, proof that the operator was certified by the Department of Health to conduct breathalyzer tests is presumptive evidence that the test was properly given (*see,* Vehicle and Traffic Law § 1194 [4] [c]; *People v Freeland, supra,* at 701).

We reject the contention that defendant was denied a fair trial by prosecutorial misconduct (*see, People v Galloway,* 54 NY2d 396, 401). Finally, the record establishes that defendant admitted to two prior convictions of driving while intoxicated at his arraignment upon the special information filed by the People (*see,* CPL 200.60 [3] [a]). Thus, there is no merit to the

contention that the proof is legally insufficient to establish defendant's guilt of driving while intoxicated as a felony (*see,* Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]).

Accordingly, the judgment should be affirmed.

DENMAN, P. J., SCUDDER, CALLAHAN and BALIO, JJ., concur.

Judgment unanimously affirmed.